IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-11-0169 |
| v. | § | |
| | § | CIVIL NO. H-12-2018 |
| HERMILO BENITEZ SERRATO. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a *pro se* motion filed by Defendant, Hermilo Benitez Serrato,[1] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 48.) Upon due consideration of the motion, the record, matters of public record, and the applicable law, the Court **DENIES** the section 2255 motion, as follows.

### I. BACKGROUND AND CLAIMS

Defendant pleaded guilty without a written plea agreement to one count of being an alien unlawfully found in the United States after deportation, having previously been convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The Court sentenced him to 27 months in the custody of the Bureau of Prisons and followed by two years of supervised release. The Fifth Circuit Court of Appeals affirmed the conviction and sentence. (Docket Entry No. 47.)

---

[1] Also known as Hermilo Benitez, also known as Hermilo Serrato Benitez, also known as Jesus Sandoval, also known as Hermilo Benitez-Sarrato, and also known as Hermilo Benitez-Serrato.

In his section 2255 motion, Defendant complains that trial counsel was ineffective in failing to inform him of the deportation consequences of his guilty plea, that he improperly received a four-point enhancement, and that the totality of Rule 11 violations "demand remand" to this Court. Defendant raised the latter two issues in his *pro se* brief on appeal; the Fifth Circuit rejected the issues as frivolous. *Serrato v. United States*, No. 11-20578 (5th Cir. May 29, 2012). Accordingly, these two issues will not be reconsidered by this Court in context of a section 2255 motion. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). The Fifth Circuit noted, however, that it would not consider Defendant's claim for ineffective assistance of counsel, as it was not an appropriate issue for resolution on direct appeal. The issue can, and will be, considered here by this Court on collateral review.

## II. ANALYSIS

Defendant claims that trial counsel was ineffective in failing to admonish him that his plea would result in his deportation, in violation of *Padilla v. Kentucky*, __U.S. __, 130 S. Ct. 1473 (2010). In *Padilla*, the Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla*, 130 S. Ct. at 1486.[2] To prevail on

---

[2]Defendant's argument that *Padilla* applies retroactively is foreclosed by the Fifth Circuit's recent decision in *United States v. Amer*, __F.3d ___, 2012 WL 1621005, *3 (5th Cir. May 9, 2012) (holding that *Padilla* "does not apply retroactively and may not serve as the basis for [a] collateral challenge to [a] conviction that had already become final when *Padilla* was decided"). *See also Chaidez v. United States*, No. 11-820, 132 S. Ct. 2101 (2012) (granting certiorari on the retroactivity question). However, Defendant pleaded guilty over a year after *Padilla* had been decided.

2

this claim, Defendant must establish that trial counsel's performance fell below an objective standard of reasonableness, and that Defendant suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Supreme Court in *Padilla* recognized that a resident legal alien defendant who would undoubtedly be removed from the United States as a consequence of his pleading guilty to a criminal offense should have at the very least been warned by his attorney of the real possibility of that outcome. *Padilla*, 130 S. Ct. at 1486. In *Padilla*, the consequence of deportation was caused by the conviction itself, and was a direct consequence of the guilty plea. Defendant here, however, is an undocumented alien with a prior criminal history and no lawful right to remain in the United States. Whether Defendant pleaded guilty or not guilty, he faced deportation; thus, his deportation cannot be viewed as a consequence of his guilty plea, but rather, as a consequence of his being in the United States illegally. Defendant's substantial rights were unaffected by counsel's alleged failure to advise because Defendant is an illegal alien and therefore his guilty plea had no bearing on his deportability. *See U.S. v. Sinclair*, 409 F. App'x 674 (4th Cir. 2011).

Regardless, Defendant establishes no actual prejudice. *Padilla* changed nothing in the *Strickland* test, and is, by its own language, limited only to a discussion and application of the first *Strickland* prong. *Padilla*, 130 S. Ct. at 1487 ("Whether Padilla is entitled to relief will depend on whether he can demonstrate prejudice as a result thereof, a question we do not reach because it was not passed on below."). Thus, even assuming trial counsel did

3

not expressly inform Defendant that his guilty plea could result in his deportation, Defendant must show that he was prejudiced by counsel's failure under the facts of this case.

To establish prejudice, Defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167–68 (5th Cir. 2004). For purposes of *Padilla*, a petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 130 S. Ct. at 1485. Accordingly, Defendant here must convince this Court that a decision to plead not guilty would have been rational under the facts of his case. This, he fails to do.

Significant to Defendant's inability to establish actual prejudice is the fact that, regardless of his plea or eventual outcome of his case, he was subject to deportation as an undocumented alien. Defendant recognized that his deportation status was unrelated to his plea; in his section 2255 motion he asserts that, "The argument that the plea has no bearing since deportation was a foregone conclusion regardless of what [I plead] (guilty or not guilty) is false. [I have] little knowledge and minimal understanding of the American legal process." *Id.* However, the verity of his latter assertion is strongly undermined by Defendant's history

4

of prior deportations, as shown in the Government's recitation of his immigration and deportation history at the plea hearing:

> On August 12th of 1995, the Defendant was deported from the United States at Eagle Pass, Texas, to Mexico. On September 2nd of 1999, the Defendant was convicted in the United States District Court for the Southern District of Texas, Houston Division, for the offense of illegal entry of a deported alien. He was sentenced to 21 months confinement.
>
> That on September 8th of 2000, the Defendant was again deported from the United States at El Paso, Texas, to Mexico.
>
> On August 20th of 2010, the Defendant was found in the United States at Houston, Texas.

(Docket Entry No. 40, p. 9.) It is clear to this Court that, given Defendant's prior illegal entry and deportation experiences, his professed ignorance of the consequences of his illegal re-entry into the United States in this case is untenable.

Further, any argument by Defendant that he was unaware that he could be deported if he pleaded guilty is refuted by the record and Defendant's own pleadings. At the plea hearing, prior to accepting Defendant's guilty plea, the Court informed Defendant that, if he pleaded guilty,

> THE COURT: Any period of incarceration will be followed by a period of supervised release. Supervised release *will mean, in your instance, that, should you return to this country illegally after deportation*, you will face not only a sentence for having broken the law but another sentence for having violated your supervised release. That – the latter could last to the full term of your supervised release or, perhaps, even longer. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

5

(Docket Entry No. 40, p. 7, emphasis added.) Further, in reference to Defendant's statement at the hearing that his spouse and children were United States citizens, the Court stated that, "Well, I have great sympathy for you, sir; but *you're going to have to find a way to see them without coming to this country*. Perhaps, they can see you in Mexico." (Docket Entry No. 40, p. 10, emphasis added.) In his section 2255 motion, Defendant states that he "recalls being advised that there were options available to [me] to stop deportation if [my] family could afford an immigration attorney. [I] was under the impression that [I] would be allowed to stay in the United States if [I] sought the help of an immigration attorney." (Docket Entry No. 48, p. 10.) This, too, evinces Defendant's awareness that he faced deportation as a consequence of being in the United States illegally, independent of his pending criminal charges or plea.

Nor can it be overlooked that Defendant himself acknowledged that he would be deported, in that he requested this Court to order a short sentence so he could be deported back home to his children as quickly as possible:

> And I want to beg Your Honor to have compassion with me, because I do not want to lose my children. I have three very young children. *And I feel that if I'm deported as soon as possible, I have a chance to recover them.*

(Docket Entry No 38, p. 5, emphasis added). Given Defendant's well demonstrated awareness that he likely would be deported as a consequence of his illegal re-entry into the United States, his lack of a stated right to remain legally in the United States but for his guilty

6

plea, and given his desire to return to his children in Mexico as soon as possible, Defendant has not convinced this Court that a decision not to plead guilty would have been rational under the circumstances. No actual prejudice is shown on the record before this Court.

Plaintiff fails to establish ineffective assistance of counsel, and relief under section 2255 is unwarranted.

### III. CONCLUSION

Defendant's section 2255 motion (Docket Entry No. 48) is **DENIED**. Defendant's application to proceed *in forma pauperis* (Docket Entry No. 49) is **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 18 day of July, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE